*Zheng v. Lynch*

BIA
Christensen, IJ
A200 695 657

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fifteen.

PRESENT:
>
> PIERRD N. LEVAL,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

XUEYUN ZHENG,
>
> *Petitioner*,

v.                                                                                   13-4445
                                                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,\*
> *Respondent.*

_____

FOR PETITIONER:               Cora J. Chang, Esq., New York, New York.

FOR RESPONDENT:               Stuart F. Delery, Assistant Attorney General;
                              Edward J. Duffy, Senior Litigation Counsel;

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney general Loretta E. Lynch is automatically substituted for former Attorney general Eric H. Holder, Jr., as Respondent.

John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xueyun Zheng, a native and citizen of the People's Republic of China, seeks review of an October 29, 2013 decision of the BIA affirming an April 4, 2012 decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Xueyun Zheng, No. A200 695 657 (B.I.A. Oct. 29, 2013), aff'g No. A200 695 657 (Immig. Ct. N.Y.C. Apr. 4, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Zheng's, which are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of [her] claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008).

2

Zheng claimed that she feared persecution in China because of her Christian faith and that she had been subject to a forced abortion in China. However, during her credible fear interview, she did not mention the forced abortion. The agency properly determined that the record of Zheng's credible fear interview "bears sufficient indicia of reliability to warrant its consideration by the agency." Ming Zhang v. Holder, 585 F.3d 715, 725 (2d Cir. 2009). Moreover, Zheng was asked several questions during the interview which should have prompted her to mention the alleged forced abortion. Accordingly, her failure to do so seriously undercut her credibility, and her explanation, that she misunderstood the questions to be asking about her "direct reason" for leaving China, is not compelling. See Yun-Zui Guan, 432 F.3d at 398–99, see also Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir. 2005).

As the agency found, Zheng's testimony contained many other internal inconsistencies, for instance regarding the fate of her fellow church members in China after she narrowly escaped arrest. Her testimony also conflicted with that of her witness regarding details of their church attendance in the United States. At no point did Zheng rebut these inconsistencies with explanations that would compel a reasonable fact-finder to credit her. See 8 U.S.C. § 1252(b)(4)(B); Majidi v. Gonzalez, 430 F.3d at 80–81.

Zheng's argument that the agency erred in finding that her documentary evidence failed to rehabilitate her incredible testimony is also meritless. In light of the adverse credibility determination, the agency was not required to identify pieces of evidence that should have been provided, nor was it required to find that authors of unsworn documents could have been made available for cross-examination. See Xiao Ji Chen v. U.S. Dep't of

3

<u>Justice</u>, 471 F.3d 315, 341 (2d Cir. 2006). The agency reasonably found that the corroborating evidence Zheng did submit did not rehabilitate the testimony the agency had found to be incredible. See <u>Biao Yang v. Gonzales</u>, 496 F.3d 268, 273 (2d Cir. 2007).

Accordingly, considering the totality of the circumstances, substantial evidence supports the IJ's adverse credibility determination. See <u>Xiu Xia Lin v. Mukasey</u>, 534 F.3d at 167. Further, because the only evidence of a threat to Zheng's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. See <u>Paul v. Gonzales</u>, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

4